JAMES MCLAUGHLIN, Plaintiff, *v.* GERTRUDE HEPBURN, Doing Business as FAMILY POLICY ANALYSIS SERVICE, et al., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, April 26, 1945.

*Pantaleoni & Silver* for plaintiff.

*Charles R. Katz* for defendants.

LAZARUS, J.  This is an action brought for the recovery of the sum of $69.54, together with interest and costs on three causes of action.

The first cause of action is for fraud and deceit based on the fact that the defendants knowingly made false and misleading representations to the plaintiff concerning his policies in reliance upon which the plaintiff gave defendants $69.54.

The second cause of action is for a breach of the contract whereby defendants agreed to accomplish certain results for the plaintiff in connection with these same life insurance policies in consideration of the payment by plaintiff of $69.54; that plaintiff paid the agreed sum but defendants failed to perform and in fact could not perform.

The third cause of action is to recover a civil penalty under the provisions of section 127 of the Insurance Law of the State of New York. The basis for this claim is that defendants induced the plaintiff to surrender his existing four policies and induced plaintiff to take out new policies in the same company, and in so doing made an incomplete comparison of the benefits and values of the existing insurance policies and the proposed policies, and misrepresented the terms and benefits of the existing insurance and of the insurance proposed by defendants.

Plaintiff is an employee in the city transportation system and paid premiums on policies of life insurance on his own life and on those of his wife and two children. The plaintiff maintains that the defendant Gertrude Hepburn, doing business as Family Policy Analysis Service, through its representative and codefendant herein, Andrew Machera, represented to him that he could obtain a refund of $700 on the four policies involved herein and could reduce the premium on each of the policies without in any wise changing, altering or modifying the policies. The plaintiff testified that he did not want the policies changed but that he insisted on retaining endowment policies and no others, and that the defendant Machera assured him that the policies would remain endowment policies and would be the same as the policies in the possession of the plaintiff and would all bear the original date of issue. After the necessary forms were signed by the plaintiff twenty-payment life policies were issued to the plaintiff. Plaintiff refused to accept these policies inasmuch as they were not endowment policies. Plaintiff stated that he had a definite plan for the use of this money in connection with the education of his daughters and, therefore, was not interested in twenty-payment life policies.

At the end of the plaintiff's case the defendants moved to dismiss the complaint on the ground that plaintiff had not proven a cause of action and also more particularly on the ground that section 127 of the Insurance Law was not applicable. The defendants did not testify and thereupon rested their case without offering any testimony.

Insofar as causes of action No. 1 and No. 2 are concerned, it is quite apparent that the plaintiff relied upon the statements and representations made by the defendants, none of which were contradicted by the defendants, and I therefore find that the defendants are guilty of fraud and misrepresentation and also of a breach of contract.

As to the violation of section 127 of the Insurance Law a more interesting question presents itself for determination, and that is whether what occurred in this transaction comes within the purview of the section. The defendants argue that in order to come within the provisions of section 127 the plaintiff would have to show that the defendants induced the plaintiff to lapse, forfeit or surrender the insurance policy or contract; that the defendants did not induce the plaintiff to lapse, forfeit or surrender the policies involved herein, but that the policies were converted rather than surrendered. Section 127 of the Insurance Law reads as follows: " 1. * * * No person, firm, association or corporation, shall make to any person or persons any incomplete comparison of any such policies or contracts of any insurer or insurers, for the purpose of inducing, or tending to induce, such person or persons to lapse, forfeit or surrender any insurance policy or contract."

" 2. Any comparison of the policies or contracts of any such insurer or insurers, shall be deemed to be an incomplete comparison, if it does not compare in detail the gross premiums and gross premiums less any dividend or other reduction thereof allowed by the insurer or insurers, at the date of the comparison, and the increase in any cash values and all the benefits provided by each of such policies or contracts for the possible duration of the policy or contract to be determined by the life expectancy of the policyholder. The omission from any comparison of any benefit or value provided in any such policies or contracts or of any differences as to amount or period of payment of premiums, or of any differences in limitations or conditions or provisions which directly or indirectly affect the benefits thereunder, shall constitute such comparison an incomplete comparison."

It is true that the term " convert " is not specifically mentioned in the section. However, it is quite obvious that the intent of the statute was to cover a situation similar to the one at bar. Here the defendants induced the plaintiff to change his policies and, in order to change the policies from endowment policies to twenty-payment life policies, it was necessary for him to surrender the policies before the changes could be made. Furthermore, there is proof on behalf of the plaintiff that the defendants did not submit a complete comparison as provided for in subdivision 2 of section 127. The defendants offered no proof that they did. The intent of the Legislature undoubtedly was to protect persons who are ignorant of the

intricacies of life insurance and who should be protected against representations made without being enlightened as to the various differences that exist between policies which they have and the policies which some person thinks they should have. The law was enacted to safeguard and protect the rights of policyholders, especially the poor and ignorant.

I accordingly find judgment in favor of the plaintiff against the defendants in the sum of $69.54, with interest and costs.